# UNITED STATES DISTRICT COURT

for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
7/28/2021

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| | |
|---|---|
| In the Matter of the Use of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A CELL SITE SIMULATOR TO IDENTIFY TWO ELECTRONIC DEIVES | ) ) ) ) ) ) ) Case No. 3:21MJ292 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the __Southern__ District of __Ohio__, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC s. 841(a)(1) | possession with intent to distribute/distribution of controlled substances |
| 21 USC s. 843(b) | use of telephone communication facility |
| 21 USC s. 846 | conspiracy to possess with intent to distribute/distribute controlled substances |

The application is based on these facts:
See Attached affidavit of Jason Barnes

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order. Consistent with the requirement for an application for a pen register order, I, Brent Tabacchi, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

*Jason Barnes*
Applicant's signature

Jason Barnes, TFO of the DEA
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by reliable electronic means namely, telephone

Date: 7/28/21

City and state: Dayton, Ohio

Judge's signature

Sharon L. Ovington, US Magistrate Judge
Printed name and title

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Jason Barnes, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device:

   a. assigned call number: (937) 963-3499 (Target Telephone), which is described in Attachment A;

   b. assigned call number 937-286-9061 ("Target Telephone 2"), which is described in Attachment A;

2. I am a Task Force Officer ("TFO") with the U.S. Drug Enforcement Administration ("DEA"), and have been since January 2019. I have been employed in law enforcement since December 2001. I currently serve as an officer with the Dayton Police Department ("DPD"). I have been assigned to Patrol Operations and am currently assigned to the Narcotics Bureau. I have extensive prior experience in investigating drug cases that resulted in successful prosecution of persons involved in trafficking of drugs, possession of drugs, and gun-related offenses. I have conducted narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics and weapons, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance resulting in narcotics purchases. Through training and experience, I am familiar with the manner in which persons

involved in the illicit distribution and sales of controlled substances often operate. These subjects usually attempt to conceal their identities and the locations at which they reside, operate, or store drugs and drug proceeds.

3. Since the time of my assignment with the DEA, and during time spent as an Appleton Police Officer, I have been involved in narcotics-related arrests, executed search warrants that resulted in the seizure of narcotics, and participated in undercover narcotics purchases. Through training and experience, I am familiar with the manner in which persons involved in the illicit distribution of controlled substances often operate. These people usually attempt to conceal their identities, as well as the locations at which they reside, and where they store controlled substances and the illegal proceeds derived.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 846 and 841 (possession with the intent to distribute and to distribute a controlled substance and conspiracy to commit the same) as well as 21 U.S.C. § 843(b) (use of a communications facility to commit a felony drug offense) have been committed, are being committed, and will be committed by Joel MENDEZ ("MENDEZ"), the user of the Target Telephone. There is also probable cause to believe that the location information described in Attachment B and B-1 will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

## PROBABLE CAUSE

6. The DEA Dayton Resident Office (DRO) is currently investigating a Dayton, Ohio based drug trafficking organization (DTO). During this investigation, DEA has identified Joel MENDEZ (MENDEZ) as an individual who coordinates drug and money shipments in the Dayton, Ohio area for this DTO.

7. During June 2021, DEA Omaha Field Division (OFD) identified MENDEZ during an operation in which law enforcement, acting an undercover capacity, participated in a pick-up of drug money near Omaha, Nebraska.

8. Specifically, on or about June 11, 2021, a DEA OFD undercover agent (UC-1) had communications with phone number (937) 963-3499 (Target Telephone). During these contacts, UC-1 and an unidentified male (UM-1) who was using Target Telephone coordinated the bulk currency pick-up.

9. On or about June 14, 2021, UC-1 received approximately $140,000 USC from UM-1 in Omaha, Nebraska. After taking possession of the bulk currency, agents observed that most of the bulk currency was sealed within food saver bags and wrapped in rubber bands. Based on your Affiant's training and experience, your Affiant knows that it is common for narcotics traffickers to package drug proceeds in food saver/heat sealed bags. Your Affiant has personally seized large amounts of drug proceeds packaged in this manner. Additionally, it is your Affiant's understanding that narcotics traffickers package their drug process in this way for the purpose of concealing large amounts of currency.

10.     The OFD operation demonstrated that Target Telephone was being used to conduct money laundering that proved consistent with drug trafficking activity. Following the operation, on or about June 17, 2021, investigators obtained a federal search warrant from the United States District Court for the District of Nebraska to monitor and track the GPS locations of the Target Telephone. Upon the execution of the search warrant, OFD investigators began receiving GPS location data for the Target Telephone. In late June 2021, based on information from the warrant, OFD investigators electronically monitored Target Telephone as it traveled to the Dayton Ohio region. On or around June 30, 2021, SA Matt Meyers from OFD contacted Dayton DEA and provided the details of OFD's investigation.

11.     Due to Target Telephone being in the Dayton, Ohio region, DEA Dayton Resident Office opened an investigation into the matter. Through law enforcement and public record databases, DEA Dayton investigators believe Target Telephone is utilized by MENDEZ. For instance, Target Telephone is subscribed to in the name of Mendez.

12.     On or around July 21, 2021, DEA investigators conducted an interview with a cooperating defendant (CD-1 ). CD-1 provided details to investigators about a Hispanic male from whom CD-1 had been receiving large shipments of various illegal drugs as recently as July 2021. Based on descriptions from CD-1, investigators believe that the Hispanic male is MENDEZ. CD-1 indicated that CD-1 contacted MENDEZ at the cellular phone number for Target Telephone to facilitate drug trafficking activities. MENDEZ last spoke with CD-1 utilizing Target Telephone on or around July 17, 2021. CD-1 stated the conversation on or around July 17, 2021, consisted of drug related conversation in which CD-1 was set to receive illegal drugs from MENDEZ. CD-1 gave consent for investigators to search CD-1's phone for

details related to the conversations with MENDEZ. Through searching the phone, investigators confirmed CD-1 was in contact with Target Telephone and text message conversations between CD-1 and Target Telephone were consistent with the information provided by CD-1.

13. On July 27, 2021, DRO investigators conducted an interview with CD-1. During the interview, CD-1 told investigators that the Hispanic courier (i.e., MENDEZ had a new cellular telephone number over which he conducted drug transactions. CD-1 gave DRO investigators the number of 937-286-9061 (Target Telephone 2) as the new number for MENDEZ. CD-1 advised that CD-1 had been in contact with MENDEZ using this number since approximately July 24, 2021. In an effort to confirm CD-1's statement, DEA directed CD-1 to text Targe Telephone 2 in the presence of investigators. CD-1 sent a text message to Target Telephone 2 advising Target Telephone 2 that CD-1 had a new telephone number to conduct drug transactions over. Target Telephone 2 texted back "okay, amigo", or words to that effect. Based on these events, Target Telephone 2 appears to be used for drug trafficking activity.

14. I believe that the **Target Telephones** are being utilized to further MENDEZ's money laundering and narcotic trafficking activities.

## MANNER OF EXECUTION

15. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

16. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Telephones or receiving signals from nearby cellular devices, including the Target Telephones. Such a device may function in some respects like a cellular tower, except that it will not be connected to the cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Telephones and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Telephones and use that information to determine the Target Telephones' location, even if it is located inside a house, apartment, or other building.

17. The investigative device may interrupt cellular service of phones or other cellular devices within its immediate vicinity. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Telephones, the device may briefly exchange signals with all phones or other cellular devices in its vicinity. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Telephones, and law enforcement will limit collection of information from devices other than the Target Telephones. To the extent that any information from a cellular device other than the Target Telephones is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Telephones from all other cellular devices.

**AUTHORIZATION REQUEST**

18. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

19. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days from the end of the period of authorized surveillance. This delay is justified because there is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Telephones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for the use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

20. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Telephones outside of daytime hours.

21. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of

the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

22. A search warrant may not be legally necessary to compel the investigative technique described herein. Nevertheless, I hereby submit this warrant application out of an abundance of caution.

Respectfully submitted,

*Jason Barnes*

Jason Barnes
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me
On: 7/28/21

Sharon L. Ovington
United States Magistrate Judge

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location and owner of the cellular device assigned phone number 937-963-3499, whose wireless provider is T-Mobile, whose subscriber is Joel Mendez as well as the cellular device assigned phone number 937-286-9061, whose wireless provider is AT&T, with unknown subscriber.

## ATTACHMENT B

### Particular Things to be Seized

Pursuant to an investigation of Joel Mendez and known and unknown associates for a violation of Title 21 U.S.C. §§ 841 and 846, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular devices identified in Attachment A by collecting and examining:

1. radio signals emitted by the target cellular devices for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

2. radio signals emitted by the target cellular devices in response to radio signals sent to the cellular device by the officers;

for a period of thirty days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).